TUCKER, Judge.
That the district court erred in refusing the mandamus for the reason assigned by them, if I had before entertained a doubt, it would have been removed *by the authority cited by Mr. Hay from Co. Uitt. 39, a. That in every judgment there must be three persons, Actor, Reus, et Judex. The second person, a defendant, was wanting in this case; and therefore, in my opinion, the order of the court was no judgment. Consequently, that order was not made by the court in the exercise of their judicial authority; but in another character, to wit, as commissioners of police, for the county.
Our constitution, art. 13, 15, gives the county courts authority, and imposes duties foreign from those of a judicial nature. They are to recommend militia officers, justices of the peace, sheriffs and coroners, to the executive. The law imposes on them a multitude of duties of the same n ature. They are to lay out roads, build bridges, authorize ferries in certain cases; permit the erection of mills, license tavern keepers, build court-houses, jails, &c.; and finally to impose a levy upon the tithables in their counties, for the purpose of defraying all expenses, incurred by the court, under the authority of any law. These are the functions of commissioners of police, and not of a judicial court.
The first reason assigned for cause why a mandamus should not issue, is not more satisfactory to me than the second; and although the district court have not assigned that also as a ground of their refusal, I think it ought to be noticed.
“ Any person thinking himself aggrieved by the judgment, or sentence, of any county court, in any action, suit or contest whatsoever, where the debt or damages is of a certain value ; or where the title or bounds of land shall be drawn in question ; or the contest shall be concerning mills, roads, &c. may appeal.”
This clause, it is contended, gave the appellant a remedy by appeal. I conceive not. Here was no contest; no party defendant; no opposer of the motion. The words action, suit, or contest, run through the whole clause. There must be one, or the other, to give a right to appeal from the judgment or sentence of the court. A motion, not opposed, *does not constitute either an action, suit or contest, except in some particular cases, provided for by law, and founded upon notice to a party against whom, or against whose interest, the motion was made. As in cases of motions upon replevin and forthcoming bonds, and others of a similar nature. In those cases there is a defendant so made by the notice ; and, if he fails to appear, judgment goes against him by default for want of appearance. There is no parallel between such motions, and that we are now considering.
The writ of mandamus was introduced to prevent disorder from a failure of justice and defect of police. It ought therefore to be used upon all occasions where the law has established no specific remedy ; and where, according to justice and good government, there ought to be one. 3 Burr. 1267. The legislature in the act concerning roads, have, in one case, expressly provided for its use. In others of like nature, where no other specific remedy can be had, it ought to be granted.
But the party applying for a writ of mandamus is not entitled to it, unless a proper case be previously shewn, to the satisfaction of the court. The case suggested to the district court, as appears from the rule to shew cause, was, I conceive, such a case; but, if the matter contained in the bill of exceptions may be relied on as furnishing a true state of the case, there was not only a suppression of truth, but an absolute suggestio falsi contained in the suggestion to the district court for the rule. The road, from the record exhibited in the bill of exceptions, does not appear to be a public-road, nona, road leading to the court-house of the county, which must be a public road, (and which the justices are bound to open and to keep open and in repair); but a mere private way, to and from the appellant’s mill.
The mill, by the terms of the law, must have had a bridge over the pier head, flood gates, or any waste cut through, or round the dam, built and kept in repair at the expense of the owner, and not of the county, even if a public road had been established across the dam. But the road (as far as *appears by the record) was established only to and from the margin of the creek, and not across it. There is no record to shew that there ever was a bridge built at the expense of the county, or after-wards accepted by the court, as a public bridge. The motion to the county court was to repair, not to erect a new bridge, or accept the one already built. It was a mere private easement; and Brander might as well have called upon the court to repair the road over *1047 his dam, as over this bridge. The plaintiff, we are told by the bill of exceptions, proposed to examine witnesses, then in the district court, in support of his application for a mandamus. That court would, in my opinion, have erred egregiously, had it gone into the examination of witnesses. Roads, mills, bridges, &c. being established by matter of record, matter of record only could be admitted to prove whether the bridge was a public, or private, bridge. And, if no other matter of record was produced than that contained in the bill of exceptions, I am of opinion the district court ought to have refused the mandamus. The bill of exceptions proves these records to have been offered, and read to the court; and although X am of opinion, for the reasons before given, that the court ought not to have refused the mandamus, for the cause assigned in their judgment, yet that their refusal was right upon the merits, as shewn by the bill of exceptions.
ROANE, Judge.
Although I concur with judge Tucker in the general course of his reasoning, yet I think proper to make a few remarks upon certain parts of the case.
The judges below appear to have denied their own jurisdiction in cases oí this kind ; but the 8th section of the act of assembly concerning roads, provides for a mandamus expressly ; and therefore the district court was clearly wrong upon that point. But, with respect to the facts of the case, the records shew that the road on each side extended to the branch only, without crossing it; so that the intervening space was no part of the road, had it even been a public *one ; and therefore there was no ground to apply for the erection of a bridge over it, at the expense of the county. But, in order to get over this objection, it was urged, that Jackson first, and Brander afterwards, was appointed overseer of the road. This, however, instead of helping the case, shews that the road was never considered as a public one: for no other hands were assigned to the repair of it, but those of the owners of the mill; which proves, that nobody else was interested in it. Parol evidence would have been improper ; because the regular proofs in such cases are matters of record, and there was no room for presuming that any were lost from length of time, or otherwise : for not more than fifteen years had elapsed, and no circumstances, or destruction of records is suggested, to lay a foundation for parol evidence. The whole case, therefore, stood upon paper ; and, upon the merits, I think the mandamus was properly refused.
CARRINGTON, Judge, concurred.
LYONS, President.
We all agree that a mandamus is in general a proper remedy; and I think it ought to have been granted in the present case. Por the district court decided that they could not go into the evidence, because they had not authority to allow the writ. The testimony, therefore, was not heard ; and, consequently, I cannot pronounce that there was no ground for the application. All that I can say is, that the court, contrary to their own notion, had authority to award the process, and that they should now have liberty to do so, in order to enable them to hear the evidence, and decide upon the merits. But, as a majority of this court is of a different opinion, the judgment is to be affirmed; and the following is to be the entry :
“The court is of opinion, that the said district court ought not to have refused the writ of mandamus, for the reasons assigned by the said court in their judgment; but this court is further of opinion that the matters contained and set forth *in the appellant’s bill of exceptions, in which it is now presumed the whole merits of his case are as fully stated, as the same could be made to appear by matter of record, did furnish a sufficient ground and reason for the said district court to have refused the writ of mandamus prayed for; and that the same ought to have been refused, because the appellant did not shew a sufficient cause, to the court, to entitle him to the benefit of the said writ. Therefore it is considered, that the said judgment be affirmed, and that the appellees recover against the appellant their costs by them about their defence in this behalf expended.”